[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-13071
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 21, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-20020-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BLANCA NUBIA GUZMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 21, 2005)

Before CARNES, PRYOR and RONEY, Circuit Judges.

PER CURIAM:

This is a direct criminal appeal from convictions and sentences entered upon

a guilty plea of defendant Blanca Nubia Guzman to a two-count indictment of: (1)

importing one kilogram or more of heroin into the United States, in violation of

21 U.S.C. § 952(a); and (2) possessing with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1). Appointed counsel for defendant, Michael Spivack, has filed a motion to withdraw with a brief prepared pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), to which defendant filed a one-page handwritten objection. Counsel's motion is granted and Guzman's convictions and sentences are affirmed.

Guzman signed a Statement of Facts conceding that, "if this case went to trial," the government could establish beyond a reasonable doubt: that she arrived at Miami International Airport on a flight from Colombia; that a routine customs inspection of her baggage revealed several "unusually heavy" pairs of shoes containing heroin; that she knew the "substance contained inside the shoes was heroin"; and laboratory tests showed that the shoes contained a total of 2,617 grams of heroin. After conducting a thorough change of plea colloquy pursuant to Federal Rule of Criminal Procedure 11, the district court found that the plea was knowingly, voluntarily, and intelligently entered, and that a sufficient factual basis supported the plea.

Guzman subsequently filed written objections to the Pre-sentence Investigation Report ("PSI"). She contended that she was eligible for acceptance of responsibility, minor role, and safety-valve reductions. At the sentencing hearing, the court concluded that Guzman deserved the benefit of the acceptance of

responsibility and the safety-valve provision, but declined to grant her a minor-role reduction, finding that Guzman's "own statement that she was bringing [the heroin to the United States] and was going to sell it herself . . . and considering the amount and the nature of the drug, I cannot see that a minor role is appropriate here." The court imposed a sentence of 70 months' imprisonment. Neither Guzman nor her attorney asserted any objections to the court's findings of fact or the manner in which the sentence was imposed.

In his *Anders* brief, counsel states that there are no non-frivolous claims that can be pursued on appeal but raises the issue of the district court's denial of a minor-role reduction. Defendant Guzman's July 25, 2005, handwritten letter to the Clerk, which we construe liberally, raises three potential issues: (1) that her sentence of 70 months' imprisonment was too "harsh"; (2) that the district court erred by failing to "consider" her family circumstances; and (3) that because she "did not understand her lawyer," and was "nervous wreck" about pleading guilty, her guilty plea was not knowing and voluntary.

We have carefully considered these arguments and conclude that they present no issues of arguable merit for appeal.

The district court, after analyzing the characteristics of Guzman's offense, correctly concluded that she played an integral role in the importation of the heroin

for which she was held accountable, and therefore did not clearly err in denying the minor-role reduction.

The court determined that the applicable advisory sentencing guideline range was 70 to 87 months' imprisonment, imposed a sentence of 70 months' imprisonment and concluded that such a sentence was reasonable, considering the factors detailed in 18 U.S.C. § 3553(a). The record reflects that the district court carefully considered all of the relevant factors in imposing the sentence and correctly concluded, in light of the maximum sentence available, that the sentence imposed was reasonable.

The district court sentenced Guzman after reviewing the Pre-sentence Investigation Report and carefully considering "the factors set forth in 18 U.S.C., 3553(a)(1) through (7)." The PSI contained a "Personal and Family Data" section that described in detail Guzman's family circumstances. The information contained in the PSI is nearly identical to the family circumstances raised in Guzman's objection filed in this Court. It is evident that the district court weighed these circumstances while deciding Guzman's sentence.

A thorough Federal Rule of Criminal Procedure 11 colloquy was conducted by the district court, where it correctly ascertained that she knowingly and voluntarily entered a guilty plea. An independent review of the entire record reveals no issues of arguable merit. See *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400.

4

Counsel's motion to withdraw is **GRANTED**, and Guzman's convictions and sentences are **AFFIRMED.**